Good morning, your honors. May it please the court. My name is Keith Pilsendegger. I'm from the Office of the Federal Public Defender in Arizona, and I represent the defendant in this case, Luis Sierra-Martinez. The parties before the court this morning agree that this case should be remanded for resentencing because in light of a recent amendment to the sentencing guidelines, the sentencing judge should have awarded a three-level downward adjustment to the offense level based on Mr. Sierra's acceptance of responsibility. Well, based upon the change in the statutory complex of how we look at that, the government probably made their determination on an invalid basis. Would you agree? The government has conceded that, and I do agree, your honor. And under this court's case law, the change in the guidelines is retroactive to this case. All right. So Mr. Sierra contends that remanding this case based on the third-point issue alone would be the most expeditious resolution of this appeal, and I have three reasons for that contention. First of all, resentencing would take place on an open record before the district court. So the issue about the 16-level enhancement would still be in play. Mr. Sierra would be able to raise additional challenges to the 16-level enhancement if he could come up with any. And the practical reason for remanding now based solely on the third-point issue — Well, wouldn't that depend upon the nature of the remand? Yes, your honor, it would. And I'm asking this court — I mean, this court could write a memorandum of disposition or something that just sends this case back for resentencing, directing the sentencing judge to reconsider the acceptance of responsibility adjustment and proceed from there. Practically speaking, Mr. Sierra only has seven months to remain on his sentence. If he were to get the third point for acceptance and with the amount of time that it would take this court to issue a decision and the district court to reschedule the resentencing hearing, Mr. Sierra could conceivably be released. And, you know, that's in his primary interest. His primary interest is to get out of custody as soon as possible. He would quickly be deported to Mexico, and if the district judge reimposes the term of supervised release, any future challenge to the 16-level enhancement could continue as long as that term of supervised release is still in effect. Well, maybe you should have dismissed the appeal and taken an immediate resentencing with the additional point, not getting closer to getting out. That's correct, your honor. You know, I approached my colleagues at the U.S. Attorney's Office, and their position was that they wanted a ruling on the 16-level enhancement issue. And so we continued to brief this — to press this appeal until — you know, to a decision. And that's, as far as I can tell, the main reason that we're here today. So you did approach them with the idea that, oh, let's just dismiss this appeal and go on our way? You said no? Yes. I approached the U.S. Attorney's Office with the idea of just remanding based solely on the third point issue, and the government's position was that they wanted a ruling on the 16-level enhancement challenge. Well, they didn't appeal it. Why do you care? Well, you know, we could — we could — we can't — we can't get back in front of the district court unless this court issues an order. And this court could issue an order based on the party's agreement, which — right now there isn't any agreement about how this case should be resolved. Okay, so the government would not sign anything about an agreement on the third — on the third part of the first issue, so you had to go forward with this? Your Honor, I don't want — I don't want to leave you with a misimpression about what my — what opposing counsel's position is, and I just want to clarify that my offer was to remand this case based solely on the third point issue, and the government countered by saying we don't — we don't want to remand this case unless we also get a ruling on the 16-level enhancement issue. And because — you know, because it's in Mr. Sierra's interest to get back in front of the district court for resentencing as soon as possible, you know, that's why — that's why, you know, we're here today. Okay. And then you concede that the California murder statute is categorically matching the generic Federal definition? Your Honor, I — I contend that — I thought you — I thought in your brief that you concede that the California murder statute categorically matches the generic Federal definition of murder. That's what I thought. Oh, Your Honor, yes. The murder portion of Mr. Sierra's prior conviction is categorically equivalent to the generic definition of murder. And do you also concede that the attempt is the same as the generic attempt offense? No, Your Honor, I don't. Why? And I have to also admit that my — my argument is heavily cabined by this Court's decision in Albino Loewe and Aguilera-Rios. So are you saying what you ought to do, Your Honors, is wait for any potential change in those decisions, or what? No, Your Honor, I — I don't think this Court should wait because Mr. Sierra has an interest in getting back before the district court as quickly as possible. If this Court were not inclined to remand this case, I mean, that would be detrimental to — to Mr. Sierra's interest because as it stands today, part of his sentence was — the guidelines level was computed incorrectly in his case. So he has an interest in being resentenced. But at the same time, if this Court were to wait, you know, I think I've told this Court that the Albino Loewe decision is final as far as this Court is concerned and bank proceedings have concluded. But it's conceivable that — Well, Leon Bonk has concluded, but I don't know whether we got a decision. The panel in Albino Loewe denied the petition for re-hearing and re-hearing in bank. In Aguilera-Rios, where the defendant prevailed, the government has asked for more time to file a petition for re-hearing. And as long as — as long as Aguilera-Rios is still active, it's possible that Mr. Sierra could — could make something out of a potential change in the law that could come out of the Aguilera-Rios case. And if the panel has no further questions about the 16-level enhancements, I'll reserve the balance of my time for rebuttal. Okay. Counsel, I guess the first thing you need to do is address what we've just heard. That the government wants to go forward with this case regarding the 16-level enhancement, yet there are other cases which might aptly address that issue by our court. So I'm trying to find out why it is important for us to address it. Good morning, Your Honor. Erica Sager on behalf of the District Attorney's Office. District of Arizona. What — my response to that question would be that the issues that are raised by the defendant in this case would be likely to reoccur following any future resentencing. So while the government does concede that this case does need to be remanded for resentencing on the third point, we would ask this court to rule on the applicability of the 16-level enhancement to prevent any future appeal. And for purposes of judicial economy, this case has already been briefed and is before this court. So — But isn't the final resolution of those issues well involved in the two cases that counsel talked to us about? Well, Your Honor — Because we're really just determining whether the attempted murder conviction is a crime of violence, and those cases seem to be well on point to determine what it is and what it isn't. Correct, Your Honor. And actually, the defendant's underlying conviction in Albino Loewy was attempted murder in California. So that is absolutely directly on point. And so the determination on the applicability of the 16-level enhancement is very straightforward. And we would ask the court to — on remand for the third point issue to indicate that the 16-level enhancement was properly applied in the underlying case and limit the remand solely to the district court's determination on whether or not the government is able to — or is properly withheld the third point. Is your position that the other cases are dispositive on that issue? Yes, Your Honor. That's Judge Smith's point. Correct. Albino Loewy is definitely dispositive on the issue. So why is it necessary to go forward? That resolves the issue, right? Yes, Your Honor. From the government's perspective, I don't believe that it resolves the issue from the defendant's perspective. Thank you. So because Albino Loewy is directly on point, we would ask this court to uphold the 16-level enhancement and remand solely — on a closed record — solely for the district court's determination with regard to the third point. If the court has no further questions, I will sit down. Okay. Thank you. Do you want to say anything else, counsel? Yes, Your Honor, I do. The district court is just as bound by Albino Loewy and Aguilera-Rios as this court is. And the presumption under this court's decision and bank decision in the Matthews case is that resentencing goes back on an open record unless the case qualifies for a couple of narrowly defined exceptions that the government neither argued nor proved exist. And all this court could say is that the challenge Mr. Sierra has brought in his briefs may be foreclosed. There could be other ways that Mr. Sierra could challenge the 16-level enhancement based on the nature of the California statute at issue and the recent Supreme Court decision in DeKalb. And those challenges should be available to Mr. Sierra on remand. If this court were to accept the government's proposal I would just ask that the court limit its rejection limit its affirmation of the 16-level enhancement to the precise challenge that Mr. Sierra has presented to this court. Okay. Thank you, Your Honor. I understand your argument. Thank you very much. And thank you for your argument, ma'am. We will then submit Case 12-101-52
judges: Piersol, SMITH, CHRISTEN